**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————

No. 02-2500

JENNIFER GOLDSTEIN,

Plaintiff, Appellant,

v.

HARVARD UNIVERSITY,

Defendant, Appellee.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

———————

Before

Torruella, Lynch and Howard, Circuit Judges.

———————

Jennifer Goldstein on brief pro se.
Michael R. Byrne, John F. Rooney, III and Melick, Porter & Shea, LLP on brief for appellee.

———————

October 14, 2003

———————

**Per Curiam**.  This appeal arises from a pro se lawsuit filed in November 1999 by Jennifer Goldstein against Harvard University alleging violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, in connection with Goldstein's forced withdrawal from a Ph.D. program in the Department of Romance Languages and Literatures following her failure to take a general examination in August 1993, the end of her fifth year of graduate study.  Goldstein's complaint alleged two theories under the ADA: (a) Harvard discriminated against her on the basis of a perceived mental disability (depression) by subjecting her to a more rigorous examination schedule than it applied to other students; and (b) Harvard failed to accommodate her actual physical disability (asthma) by rescheduling the exam outside of "asthma season."

The district court granted summary judgment on the grounds that Goldstein's lawsuit was initiated outside the three-year statute of limitations,[1] and, in the alternative, Harvard was entitled to summary judgment on the merits.  The court subsequently denied Goldstein's motion to amend judgment under Fed. R. Civ. P. 59(e).  Goldstein challenges the grant of summary judgment in Harvard's favor and the denial of her Rule 59(e) motion.  She also challenges the denial of a motion to compel answers to

---

[1]Since the ADA does not contain a statute of limitations, courts borrow the most analogous state statute of limitations. See, e.g., Gaona v. Town & Country Credit, 324 F.3d 1050, 1055-56 (8th Cir. 2003).  In the instant case, the district court borrowed Massachusetts' three-year statute of limitations for personal injuries, Mass. Gen. Laws ch. 260, § 2A.  Goldstein makes no argument that this was error.

interrogatories seeking the names of graduate students permitted to enter their sixth year of graduate study without having passed the general examination. For the following reasons, we affirm.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the grant of summary judgment de novo, construing the evidence in the light most favorable to Goldstein. See Stewart v. Dutra Const. Co. Inc., 343 F.3d 10, 13 (1st Cir. 2003). We may affirm the district court's decision on any sufficient ground revealed by the record. Rodriquez v. Smithkline Beecham, 224 F.3d 1, 5 (1st Cir. 2000).

Goldstein argues that her claim of discrimination based on a perceived (mental) disability is equitably tolled because, although she knew in 1993 that certain Harvard faculty members viewed her as "anxious," she did not learn that they believed her to suffer from a mental problem rising to the level of a disability until March 1997 when she first obtained a copy of a June 1993 letter written by her thesis advisor expressing concerns that Goldstein was "seriously depressed" and that she might be at risk to herself or others. To support this tolling argument, Goldstein moves to supplement the record with a personal affidavit attesting to the date of discovery of the June 1993 letter.

Goldstein failed to make this equitable tolling argument,

however, in her opposition to Harvard's motion for summary judgment, and, thus, she has forfeited it.[2] See, e.g., Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000) (refusing to consider equitable tolling argument that was not seasonably raised in district court). Indeed, we think that the district court could properly conclude that Goldstein abandoned her perceived disability theory at summary judgment. Under the circumstances, we need not address the request to supplement the record. We add that, in any event, the evidence of record, viewed in the light most favorable to Goldstein, failed to create a material issue of fact as to whether a perceived disability was the impetus behind Harvard's adverse action. Goldstein's examination schedule was set and she was told that she would not be allowed to register in the fall without satisfying this requirement prior to a meeting, referenced in the June 1993 letter, which prompted the advisor's concerns.

Goldstein also makes various equitable tolling arguments with respect to her claim that Harvard failed to accommodate her actual condition of asthma, including an argument that the claim did not accrue until 1998 when the condition was first diagnosed. We need not reach these tolling arguments because the claim fails on the merits essentially for the reasons stated by the district court. The operative provision, 42 U.S.C. § 12182(b)(2)(A)(ii),

---

[2]Contrary to Goldstein's suggestion, we do not think that Harvard's motion for summary judgment was limited to her claim of failure to accommodate an actual (physical) disability.

"require[s] a person with a disability to request a reasonable and necessary modification, thereby informing the operator of a public accommodation about the disability." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 309 (1st Cir. 2003). Goldstein's August 20, 1993 letter does not meet this requirement.[3]

As for Goldstein's challenge to the discovery ruling, we observe that "[t]he management of pretrial discovery lies primarily within the sound discretion of the district court" and "[t]his court 'will intervene in such matters only upon a clear showing of manifest injustice, that is where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.'" United States Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 53 (1st Cir. 2003) (internal citations omitted). Goldstein has not met this test. We agree with the district court that the discovery sought would not materially aid Goldstein's

---

[3]Although the letter referred to an incident, two weeks earlier, in which Goldstein suffered from impaired vision, there was no suggestion that the problem interfered with her ability to take the examination, much less any information that would put Harvard on notice that she had a disability within the meaning of the ADA that required accommodation. Cf. Estades-Negrani v. Assocs. Corp. of North America, 2003 WL 22244952 at *5 (1st Cir. 2003) (affirming grant of summary judgment under Title I of the ADA where plaintiff had not been diagnosed with a disability at the time she sought a reduced workload or an assistant and employer did not know she was disabled); Reed v. LePage Bakeries, Inc., 244 F.3d 254, 260 (1st Cir. 2001) (affirming grant of summary judgment under Title I of the ADA where, inter alia, plaintiff never adequately put employer on notice of her disability and need for accommodation); Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 795 (1st Cir. 1997) (indicating that to be liable under the Rehabilitation Act, a school must know or be reasonably expected to know of student's handicap).

claim that Harvard failed reasonably to accommodate an actual disability.  To the extent that the information sought might conceivably be relevant to Goldstein's perceived disability claim (and we do not decide this issue), she suffered no prejudice given the forfeiture of her equitable tolling argument.

Goldstein makes no separate argument directed at the denial of her Rule 59(e) motion.  In any event, upon review of the record we find no abuse of discretion.  See Rivera v. Puerto Rico Aqueduct & Sewers Author., 331 F.3d 183, 192 (1st Cir. 2003) (abuse of discretion standard).  The motion essentially repeated arguments already made in Goldstein's opposition.

Affirmed.